J-S23009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA TORRES-PLAZA | : | |
| Appellant | : | No. 2709 EDA 2025 |

Appeal from the PCRA Order Entered August 5, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000848-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA TORRES-PLAZA | : | |
| Appellant | : | No. 2710 EDA 2025 |

Appeal from the PCRA Order Entered August 5, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000849-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| JOSHUA TORRES-PLAZA | : | |
| Appellant | : | No. 425 EDA 2026 |

Appeal from the PCRA Order Entered August 5, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000850-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |

|  | : | PENNSYLVANIA |
| --- | :--- | :--- |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| JOSHUA TORRES-PLAZA | : |  |
|  | : |  |
| Appellant | : | No. 428 EDA 2026 |

Appeal from the PCRA Order Entered August 5, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000851-2018

BEFORE:   LAZARUS, P.J., MURRAY, J., and FORD ELLIOTT, P.J.E.*

JUDGMENT ORDER BY LAZARUS, P.J.:                    **FILED JULY 22, 2026**

Joshua Torres-Plaza appeals *pro se* from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing, as untimely, his petition filed pursuant to the Post-Conviction Relief Act.  **See** 42 Pa.C.S.A. §§ 9541-9546.   Because Torres-Plaza did not file a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, he has waived appellate review.  Thus, we affirm.

In February 2019, Torres-Plaza was convicted by a jury of first-degree murder and related offenses in connection with four victims.  The court imposed an aggregate sentence of life without parole, plus 40-80 years' incarceration.   Torres-Plaza filed timely post-sentence motions that were denied on June 3, 2019.  On July 31, 2020, our Court affirmed Torres-Plaza's judgment of sentence.  **See Commonwealth v. Torres-Plaza**, Nos. 1810-1813 EDA 2019 (Pa. Super. filed July 31, 2020) (unpublished memorandum

_____

* Retired Senior Judge assigned to the Superior Court.

decision). The Pennsylvania Supreme Court denied Torres-Plaza's petition for allowance of appeal on February 9, 2021. **See id.**, Nos. 302-304 EAL 2020 (Pa. filed Feb. 9, 2021).

Torres-Plaza filed the instant *pro se* PCRA petition on December 2, 2024. Stephen T. O'Hanlon, Esquire, was appointed as PCRA counsel. On May 29, 2024, Attorney O'Hanlon filed a motion to withdraw as counsel. On June 26, 2025, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Torres-Plaza's petition without a hearing. No response was filed. On August 5, 2025, the PCRA court issued an order dismissing Torres-Plaza's petition as untimely, advising him of his right to file an appeal to this Court, and permitting Attorney O'Hanlon to withdraw from further representation. **See** Order, 8/5/25.

On August 25, 2025, Torres-Plaza filed a timely *pro se* notice of appeal. On September 4, 2025, the PCRA court ordered Torres-Plaza to file a Rule 1925(b) statement within 21 days. **See** Order, 9/4/25. Twenty-five days later, Torres-Plaza filed his Rule 1925(b) statement. **See** Pa.R.A.P. 1925(b) Statement, 9/25/25.

A *pro se* litigant waives his issues by filing an untimely Rule 1925(b) statement, even where the trial court addresses the issues in an opinion. **See Commonwealth v. Boniella**, 158 A.3d 162, 164 (Pa. Super. 2017), **but see Commonwealth v. Burton**, 973 A.2d 428, 432-33 (Pa. Super. 2009) (en banc) (this Court may decide collateral appeal on merits, in context of counseled defendants who suffered *per se* ineffectiveness when 1925(b)

statement not filed timely, if late statement did not prevent trial court from preparing opinion addressing issues raised). Consequently, even though the trial court elected to address the issues raised in Torres-Plaza's untimely *pro se* Rule 1925(b) statement, we must deem the issues waived for our review.[1]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2026

---

[1] Even if Torres-Plaza's Rule 1925(b) statement had been timely filed, he would be entitled to no relief. While Torres-Plaza's statement appears to raise claims of ineffective assistance of counsel and invokes the newly-discovered facts exception, in his appellate brief he lists sufficiency of the evidence and weight of the evidence claims in his "Statement of Questions Presented" and "Argument" sections. *See* Appellant's Brief at 3 (unpaginated), 10-12. Weight and sufficiency claims are not cognizable in a PCRA petition. *See* 42 Pa.C.S.A. §§ 9543(a)(2)(i-viii) (listing cognizable claims under PCRA). Moreover, Torres-Plaza already raised sufficiency and weight of the evidence claims on direct appeal. *See Torres*, 1810-1813 EDA 2019 (Pa. Super. filed July 31, 2020); *see also* 42 Pa.C.S.A. § 9543(a)(3) (allegation of error cannot be previously litigated); *id.* at § 9544(a)(2) (issue previously litigated if "highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"). Finally, as the PCRA court acknowledges, Torres-Plaza's petition, filed on December 2, 2024, is facially untimely, as his judgment of sentence became final on May 10, 2021, when the time expired for him to seek a writ of certiorari in the United States Supreme Court. *See* Sup. Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(1). While Torres-Plaza appears to raise ineffectiveness of counsel in the "Summary of the Argument" in his brief, and also includes a one-page "Constitutional Argument" in his brief that states he was "procedurally misled by the President Judge, by him only asking questions to lawyer, which [Torres-Plaza] did not agree on," Appellant's Brief, at 7 (unpaginated), he neither pleads nor proves any PCRA timeliness exception. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i-iii).

- 4 -